No. 26-10302

**In the United States Court of Appeals
for the Fifth Circuit**

CHARLES ZIEGENFUSS; DAVID MONTGOMERY; BRIAN ROBINSON;
FIREARMS POLICY COALITION, INCORPORATED, a nonprofit corporation,

*Plaintiffs-Appellants*,

v.

FREEMAN MARTIN, in his official capacity as Director and Colonel of the Texas
Department of Public Safety,

*Defendant-Appellee*

On Appeal from
United States District Court for the Northern District of Texas, 4:24-cv-1049

**PLAINTIFFS-APPELLANTS' UNOPPOSED MOTION FOR
LEAVE TO FILE SUPPLEMENTAL BRIEF AND
FOR ENLARGEMENT OF REPLY BRIEF**

R. Brent Cooper
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, TX 75202
Telephone: (214) 712-9500
brent.cooper@cooperscully.com

Bradley A. Benbrook
 *Counsel of Record*
Stephen M. Duvernay
Jamie G. McWilliam
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

*Counsel for Plaintiffs-Appellants*

Pursuant to Fed. R. App. P. 27 and Fifth Circuit Rule 28.4, Plaintiffs-Appellants respectfully move this Court for leave to: (1) file a supplemental brief not to exceed 2,500 words, to be filed by July 13; and (2) file a reply brief not to exceed 10,000 words. Defendant-Appellee Director of the Texas Department of Public Safety ("Texas DPS") does not oppose this motion.

1. **Supplemental Brief.** This case is a Second Amendment challenge to the constitutionality of Texas' criminal bans on carrying firearms in Texas Penal Code § 46.03(a)(7) (bars and "51%" restaurants) (the "51% Ban"), § 46.03(a)(8) (sporting events and off-campus interscholastic events), and § 46.03(a)(4) (racetracks). Appellants filed their opening brief on June 15, 2026.

Three days later, on June 18, 2026, the United States Supreme Court issued its opinion in *United States v. Hemani*, No. 24-1234, a Second Amendment challenge to 18 U.S.C. § 922(g)(3)'s prohibition on the possession of firearms by unlawful users of controlled substances. The Court held that the government's prosecution was inconsistent with the Second Amendment. 608 U.S. ---, 2026 WL 1751710. The Court's analysis of the prophylactic ban on possession by drug users in *Hemani* bears on—and strongly undermines—the prophylactic 51% Ban on carrying at issue here. Indeed, the *Hemani* Court discussed some of the same historical evidence cited in Appellants' opening brief.

On June 25, 2026, the United States Supreme Court decided *Wolford v. Lopez*, No. 24-1046, holding that a Hawaii law prohibiting concealed-carry on private property open to the public without express authorization from the property owner violated the Second Amendment. 609 U.S. ----, 2026 WL 1825723. The *Wolford* Court's analysis of the proffered historical analogues likewise informs how this Court should approach the analogues proffered here.

Good cause exists for submission of a supplemental brief. The Supreme Court has only issued three opinions applying the historical test required by *Bruen*, two of which were released after Appellants filed their opening brief. Short letters under Fed. R. App. P. 28(j) would not do the subject justice. Moreover, it is more efficient to permit Appellants to address this authority in the first instance before Texas DPS files its responding brief and *amici* weigh in, rather than in reply.

Finally, Texas DPS has been granted a 30-day extension of time to file the responding brief to August 14, 2026. Texas DPS would therefore not be prejudiced by Appellant's supplemental filing—all the more so considering it is not defending these carry bans on the merits.

**2. Enlargement and Timing of Reply Brief.** Texas DPS did not defend the carry bans on the merits below, so the district court appointed *amici* to defend the laws. On June 29, those *amici* filed an unopposed motion asking that the Court either appoint them to defend the laws or permit them to file a 13,000-word *amici*

brief to the same effect. If the Court grants one of those requests, Appellants' reply brief will have to respond to both DPS's jurisdictional defenses and *amici*'s full merits defense. Appellants respectfully submit that enlargement of the reply brief word limit from 6,500 to 10,000 words would be appropriate under the circumstances. If the Court denies the request for appointment and directs *amici* to file their brief one week after DPS files its brief at the time *amici* briefs are due, Appellants further request a one-week extension to file their reply brief.

\* \* \*

Appellants respectfully submit that good cause exists for their requests and ask this this Court grant their motion to file a supplemental brief not to exceed 2,500 words, to be filed not later than July 13, 2026. Additionally, should the Court grant *amici* either of their requests, good cause exists to grant Appellants' motion to (1) file a reply brief not to exceed 10,000 words; and (2) extend the time to file their reply by one week, if *amici* are to file one week after Texas DPS.

Respectfully submitted,

s/ Bradley A. Benbrook
Bradley A. Benbrook
*Counsel of Record*
Stephen M. Duvernay
Jamie G. McWilliam
BENBROOK LAW GROUP, P.C.

R. Brent Cooper
COOPER & SCULLY PC

*Counsel for Plaintiffs-Appellants*

3

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25.2.5, I hereby certify that on July 1, 2026, I electronically filed the above brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

 /s/ Bradley A. Benbrook
Bradley A. Benbrook

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the length limits permitted by Fed. R. App. P. 27(d)(2)(A) because this brief contains 658 words.

2.      This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.      Additionally, I certify that (1) any required redactions have been made in compliance with 5th Cir. R. 25.2.13; and (2) the document has been scanned with the most recent version of Avast Security virus detector and is free of viruses.

Dated: July 1, 2026

/s/ Bradley A. Benbrook
Bradley A. Benbrook