**No. 26-10302**

# In the United States Court of Appeals for the Fifth Circuit

---

Charles Ziegenfuss; David Montgomery; Brian Robinson; Firearms Policy Coalition, Incorporated,

*Plaintiffs – Appellants,*

*v.*

Freeman Martin, in his official capacity as Director and Colonel of the Texas Department of Public Safety,

*Defendant – Appellee.*

---

From the United States District Court for the Northern District of Texas, No. 4:24-CV-1049, Hon. Mark Timothy Pittman, U.S. District Judge, presiding.

---

HOUSTON LIVESTOCK SHOW AND RODEO'S BRIEF AS AMICUS CURIAE IN SUPPORT OF AFFIRMANCE

---

Mark Trachtenberg
Shayna Goldblatt Proler
HAYNES AND BOONE, LLP
1221 McKinney, Suite 4000
Houston, Texas 77010-2007
(713) 547-2000
*mark.trachtenberg@haynesboone.com*
*shayna.proler@haynesboone.com*

***Attorneys for Amicus Curiae***

## SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

Case Number and Style: No. 26-10302,
*Charles Ziegenfuss, et al. v. Freeman Martin.*

The undersigned counsel of record certifies that under Fifth Circuit Rule 29.2, which requires "a supplemental statement of interested parties, if necessary to fully disclose all those with an interest in the amicus brief," the following listed persons and entities have an interest in this amicus brief, as described in the fourth sentence of Fifth Circuit Rule 28.2.1. *See* 5th Cir. Rule 29.2; 5th Cir. Rule 28.2.1; *see also* 5th Cir. Rule 26.1.1. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

I. **Amicus Curiae supporting affirmance of a judgment for Defendants-Appellees as advocated by Appointed Amici Curiae**

- Houston Livestock Show and Rodeo, Inc.

*Counsel*:

HAYNES AND BOONE, LLP
Mark Trachtenberg
Shayna Goldblatt Proler
1221 McKinney, Suite 4000
Houston, Texas 77010-2007

*/s/ Mark Trachtenberg*
Mark Trachtenberg

## TABLE OF CONTENTS

SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS .................... i

TABLE OF CONTENTS .......................................................................... ii

TABLE OF AUTHORITIES ...................................................................... iii

INTEREST OF AMICUS CURIAE ........................................................ 1

ARGUMENT............................................................................................. 1

CONCLUSION.......................................................................................... 3

CERTIFICATE OF SERVICE............................................................... 4

ECF CERTIFICATION.......................................................................... 4

CERTIFICATE OF COMPLIANCE......................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

Tex. Penal Code § 46.03 .......... 1–2

**Rules**

Fed. R. App. P. 29 .......... 1

## INTEREST OF AMICUS CURIAE

The Houston Livestock Show and Rodeo is a 501(c)(3) nonprofit organization dedicated to promoting agriculture, supporting Texas youth, preserving Western heritage, and providing educational opportunities throughout the state.[1] Since its founding in 1932, the Rodeo has grown into the world's largest livestock exhibition and rodeo, welcoming more than 2.6 million guests each year for its 23-day annual event. Throughout the entire 350-acre campus—which includes Reliant Stadium and Reliant Park, families experience professional rodeo competition, livestock and agricultural exhibitions, youth competitions, live entertainment, dining, a large family-friendly carnival, and a wide range of educational activities and exhibits. The Rodeo leases Reliant Stadium and Reliant Park from Harris County, while Legends Global Partnership and the Harris County Sports and Convention Corporation operate the park.

The Rodeo has an operational security interest in upholding the challenged statute, Texas Penal Code § 46.03(a)(8).

## ARGUMENT

The Rodeo joins the Texas Sports Teams in urging the Court to reject the constitutional challenge to Section 46.03(a)(8) of the Texas Penal Code.

[1] The Rodeo files this brief with the consent of all parties. Fed. R. App. P. 29(a)(2). The Rodeo certifies that its counsel authored this brief in whole; that no counsel for a party authored this brief in any respect; and that no person or entity, other than the Rodeo and its counsel, contributed monetarily to this brief's preparation or submission. Fed. R. App. P. 29(a)(4).

As with the Texas Sports Teams, Section 46.03(a)(8) is a cornerstone of the Rodeo's security strategy, particularly for the centerpiece of its programming, the professional rodeo competition, which takes place in Reliant Stadium. But unlike the Texas Sports Teams, which secure a single venue at incremental events over a season, the Rodeo must secure an entire fairground across 350 acres for a sustained multi-week event. The Rodeo's Code of Conduct codifies a categorical no-firearms rule that is enforced at every entrance across the grounds. Behind that codified rule stands a layered security architecture: uniformed and plain-clothes law enforcement, contracted private security, magnetometers, handheld screening devices, visual inspections, video surveillance, trained behavioral-observation staff, and comprehensive emergency-response planning. The Rodeo invests more than $11 million annually to sustain this program.[2]

Section 46.03(a)(8) is one of the key pillars supporting this security effort. Undergirding this security effort, the Rodeo retains authority as a private lessee to set entry rules on the property it operates, but that authority does not readily replicate the enforceable criminal deterrent that Section 46.03(a)(8) provides at the point of entry to Reliant Stadium and other venues at which its events take place.

---

[2] Even in a market as large as Houston, recruiting, training, scheduling, and retaining qualified security personnel at Rodeo scale is an ongoing challenge, and the additional staffing that would be required if Section 46.03(a)(8) is invalidated would strain an already limited pool of qualified personnel—changing the operating model itself and not merely its cost. *See* Texas Sports Teams Br., Part III.B.

## CONCLUSION

For these reasons, the Houston Livestock Show and Rodeo respectfully urges this Court to affirm the district court's judgment upholding the constitutionality of Section 46.03(a)(8).

Respectfully submitted,

*/s/ Mark Trachtenberg*

Mark Trachtenberg
Shayna Goldblatt Proler
HAYNES AND BOONE, LLP
1221 McKinney, Suite 4000
Houston, Texas 77010
(713) 547-2000
*mark.trachtenberg@haynesboone.com*
*shayna.proler@haynesboone.com*

***Attorneys for Amicus Curiae Houston Livestock Show and Rodeo, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I electronically transmitted the attached document to the Clerk of the Court of the Fifth Circuit Court of Appeals using the ECF System of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Mark Trachtenberg*
Mark Trachtenberg

## ECF CERTIFICATION

I hereby certify that (i) the required privacy redactions have been made pursuant to Fifth Circuit Rule 25.2.13; (ii) this electronic submission is an exact copy of the paper document pursuant to Fifth Circuit Rule 25.2.1; (iii) this document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses; (iv) the original paper document was signed by the attorney of record and will be maintained for a period of three years after mandate or order closing the case issues, pursuant to Fifth Circuit Rule 25.2.9.

*/s/ Mark Trachtenberg*
Mark Trachtenberg

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(G) and 32(g)(1), this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) because it contains 515 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, which is not more than one-half of the type-volume limitation set out in Federal Rule of Appellate Procedure 32(a)(7)(B) for a party's principal brief.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity A.

Dated: August 21, 2026

*/s/ Mark Trachtenberg*
Mark Trachtenberg